JOHN COWEN, COMMITTEE OF MARTIN HIGGINS, A LUNA-
TIC, RESPONDENT, *v.* JOHN QUINN, APPELLANT. .

*Public officer — action against — where triable.*

The warden of the city prison, in New York, is a public officer, and an action
brought to recover damages for an act done by him in virtue of his office, must
be tried in the county of New York.

APPEAL from an order made at the Special Term, denying a motion
to change the place of trial of this action.

*Wingate & Cullen,* for the appellant.

*James G. Tighe,* for the respondent.

GILBERT, J. :

Higgins (of whom the plaintiff is the committee) was committed
to prison in New York as an insane person, April 22, 1877, by
order of one of the Commissioners of Charities of that city.

The complaint alleges that an order was made by said Commis-
sioners of Charities to deliver him to his friends, but that the
defendant, " who then and there had the said Higgins in his charge
and custody, by virtue of said order, refused to release him ; " for
which the plaintiff demands damages.

The defendant is warden of the city prison in New York, and
as such he received and refused to release Higgins.

Defendant, after due demand to change the venue, moved to
transfer the case to New York, on the pleadings, and an affidavit
alleging :

I. That he had four witnesses, who resided in New York.

II. That he himself, as well as two of said witnesses, were public
officers of the city of New York (said Quinn being warden of said
prison), and could not leave the city without neglecting important
public duties.

The plaintiff swore to but two witnesses, who reside in New
Utrecht. The motion was denied, and the defendant appeals.

The defendant is a public officer, and the action is for an act done in virtue of his office. In such a case the statute (Code, § 983; former Code, § 124) requires that the action shall be tried in the county where the cause of action arose. We have no discretion in the matter.

The order must be reversed, with ten dollars costs and disbursements.

DYKMAN, J., concurred; BARNARD, P. J., not sitting.

Order denying change of place of trial reversed, with costs and disbursements to abide event, and motion granted.